[No. 3329.]

### F. Nairn v. The State.

1. GAMING — CHARGE OF THE COURT.— The offense defined by article 365 of the Penal Code, to wit, the permitting of a prohibited game to be played in a house under the control of the accused, is a distinct and different offense from that defined in article 366, viz., the renting to another of a room or house for the purpose of being used as a place for playing, etc.  In a trial for the former offense it was radical error to instruct the jury to convict if

they found that the room in which the gaming was done had been leased by the defendant to another for a gaming house.

2. SAME.— INDICTMENT for permitting a prohibited game to be played in a house under the defendant's control need not allege that the house was one for the retailing of spirituous liquors, or any other of the public houses mentioned in articles 355 and 356 of the Penal Code.

APPEAL from the County Court of Brown. Tried below before the Hon. J. S. Cleveland, County Judge. .

The opinion discloses the case. A fine of $25 was the penalty imposed upon the appellant.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

HURT, JUDGE. The appellant was charged in the indictment with permitting a certain gaming bank to be played, dealt and exhibited for the purpose of gaming, in a house under his control, said house being then and there situated in Brown county, and kept by said F. Nairn for retailing spirituous liquors.

Among other things the court charged the jury that, " should you believe that there was a lease from the defendant to some other person of the room in which the gaming took place, and that said room was leased for a gaming house, to the knowledge of the defendant, you will find him guilty as charged in the indictment."

Appellant was indicted under article 365 of the Penal Code, which reads as follows: "If any person shall permit any game prohibited by the provisions of this chapter to be played in his house, or a house under his control, he shall be fined not less than *ten* nor more than *one hundred dollars.*"

Article 366 provides that, "if any person shall rent to another a room or house for the purpose of being used as a place for playing, dealing or exhibiting any of the games prohibited by the provisions of this chapter, he shall be fined not less than twenty-five nor more than one hundred dollars."

These are not the same, but quite distinct offenses, with different penalties. And though we have no statement of facts, still under no state of facts could the above charge be demanded, or be appropriate. The court, in charging the jury as above indicated, committed a radical error for which the judgment must be reversed.

We desire to call attention to another matter. It is evident from the charge of the court that the opinion prevailed that, to convict

of the offense charged, the indictment must allege that the banking or gaming table must have been kept or exhibited at some of the public places mentioned in articles 355 and 356. This is not required. For if the table or bank is kept or exhibited, whether at a public or private place, it is an offense. Hence it was not necessary for the indictment to allege that a gaming bank was played, dealt and exhibited in a house "kept for retailing spirituous liquors."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered May 20, 1885.]